CASE 89—PETITION EQUITY—FEBRUARY 20.

# Turner's Guardian v. Turner's Heirs.

APPEAL FROM HARLAN CIRCUIT COURT.

HOMESTEAD.—Upon the death of a debtor, who was in the occupancy of a homestead of the value of one thousand dollars, which had been allotted to him, the unmarried infant children became entitled to the homestead until the youngest unmarried child should arrive at age. And the children, by their own act, or that of their guardian, approved by a court of equity, having changed the character of the property and increased its value by dividing it into town lots, and, by a sale of the lots, realized more than five thousand dollars, they are entitled to the benefit of the increase in value until the youngest unmarried child arrives at age, and are, therefore, entitled to the interest on the proceeds until that time, and then the entire principal to go to the creditors of their father, it being the duty of the chancellor to see that it is fully secured until then.

J. M. UNTHANK AND JOHN L. SCOTT FOR APPELLANT.

1. Wm. Turner, Sr., being entitled to a homestead, his infant children were entitled to the use and occupation of the homestead after his death. And, while the court may sell the homestead for the benefit of creditors, subject to the right of use and occupation by the widow and infant children, the court can not deprive the infant children of the right to occupy the homestead, as was done by the judgment in this case. (Gen. Stats., chap. 38, art. 13, sec. 14.)

2. The fact that the homestead has increased in value since it was allotted to the debtor, does not deprive his infant children of the right to any part of it. Therefore, they are entitled to the interest on the entire proceeds until the youngest reaches the age of twenty-one years.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Wm. Turner, Sr., died in the county of Harlan, leaving his widow and several infant children surviving him. His widow died shortly after her husband, leaving the children in possession of the homestead, valued at one thousand dollars. The homestead was

allotted to the father of these children in the suit of Sewell v. Will. Turner; and, from the record before us, it is conceded that it was also allotted to the children. There is no doubt as to their right to the homestead, and its occupancy by them or their guardians.

Under the statute, the unmarried infant children are entitled to the homestead until the youngest unmarried child arrives at age. The homestead, when allotted, was not worth exceeding one thousand dollars, and the children, through their guardians, were renting it annually for forty dollars.

The land was of but little value for cultivation, and the improvements all going to decay. The guardians of the infants, looking to the interest of the children, and, with a view of making the income to the children greater than the annual rent, filed a petition in equity, in which they sought to have the land divided into town lots, with streets adjacent, and then offered for sale, alleging that such a conversion of the homestead would enable them to sell the land for a large sum, resulting in great benefit to the infants, and all the parties in interest. The homestead was, in this manner, surrendered by the infants, the land divided into town lots, and sold for five thousand four hundred dollars. The creditors of Wm. Turner, Sr., or some of them, were made defendants to the petition by the statutory guardians of these infants; and the chancellor, in rendering his judgment, set apart to the infants one thousand dollars of the purchase money, and the balance he gave to creditors. The infants have appealed.

It is insisted by counsel for the infant appellants that but for their conversion of the realty by dividing it into town lots, and then selling them, the property would not have sold for a sum exceeding one thousand dollars, and that as the action of their guardians, approved by the chancellor, gave the increased value to the property, they are entitled to all the purchase money, except one thousand dollars, that should be held by them until the youngest child arrived at age, and then paid to creditors ; or, if not so entitled, the chancellor should have secured the entire proceeds of sale for creditors, giving to the infants the entire interest on five thousand four hundred dollars until the youngest child arrived at age. On the other hand, the appellees insist that all the appellants were entitled to is the one thousand dollars, or a homestead of that value, and no more ; and that the father, if living, could not have sold this land (his homestead) for five thousand dollars by subdividing it into town lots, and have pocketed the entire proceeds, leaving his creditors unpaid. Waiving the question as to the right of creditors to subject the increased value of the homestead, after the allotment, when they were parties to the action in which the allotment was made, we think there is a manifest distinction between the rights of the father, who is the debtor, and the rights of infant children, who are under no legal obligation to pay his creditors.

Here the homestead passed from the father to his children, and was only of the value of one thousand dollars when they received it, or when it was allotted. The chancellor had no power to compel a conversion

of the realty into money, or deprive them of its use
and occupancy, in order that it might be divided into
town lots for purposes of speculation.    Their rights
could not be disturbed for any such cause, and when,
by their own act, or that of their guardians, approved
by a court of equity, the infants have caused the prop-
erty to be so changed as to increase its value, there is
no reason, it seems to us, for holding that such an act
results alone to the benefit of creditors, and the in-
fants are only entitled to the value of the homestead
as fixed by law.    What motive had the guardians in
abandoning the homestead for creditors?    In its nat-
ural condition, or as left by their father, it was worth
only one thousand dollars; in its improved condition,
caused by the act of the infants, aided by the specu-
lative mania for town lots, the land sold for five thou-
sand dollars.    Suppose the creditors had filed a petition
alleging that, by dividing and subdividing this home-
stead, that had already been allotted, into lots, streets
and alleys, they could realize as much as five thousand
dollars for the property, would it be seriously insisted
that the chancellor would have ordered a sale, and di-
vested the infants of the right to the homestead that
passed to them by operation of law?    We think not.
This increased value is to be attributed to the act of
the infants, or those representing them, and must inure
to their benefit.    The creditors have not been injured,
but, on the contrary, when the youngest child arrives
at age, they are entitled to the principal sum.    Being
entitled to the land, its proceeds should follow the di-
rection the law has given it when not converted into
money.    The equity of this case is to give to the in-

fants the interest on the proceeds of sale until the youngest child arrives at age, and then the entire principal to .go to the creditors of the father.

The chancellor will see that the principal sum is fully secured for all the parties in interest. There is much of this record that has no connection with this controversy, and other objections raised in such a general manner as not to indicate what errors are complained of. In fact, if these appellants were not infants, the case would not have been considered on the record presented.

The judgment, for the reasons indicated, is reversed, and remanded for proceedings consistent with this opinion.